[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10309
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cv-00196-WCO,
Bkcy No. 15-bkc-22239-JRS

In Re: PIERRE ANDRE BASSON,

Debtor.

_____

PIERRE ANDRE BASSON,

Plaintiff-Appellant,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 20, 2018)

Before ED CARNES, Chief Judge, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Pierre Andre Basson, a Chapter 7 debtor proceeding pro se, appeals the district court's order affirming the bankruptcy court's grant of relief from the automatic stay to Federal National Mortgage Association (Fannie Mae).  That grant of relief allowed Fannie Mae to proceed with its state foreclosure remedies as to a security deed to Basson's real property in Georgia.  He contends that Fannie Mae lacked standing to move for relief from the automatic stay.[1]

We review de novo the legal conclusions of both the bankruptcy court and the district court.  IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.), 408 F.3d 689, 698 (11th Cir. 2005).  We also review de novo questions of jurisdiction, including standing.  Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005).  We review for clear error the bankruptcy court's factual findings.  See ACLU of Fla., Inc. v. Miami-Dade Cty. Sch. Bd., 557 F.3d 1177, 1195 (11th Cir. 2009).

Fannie Mae had standing to seek relief from the automatic stay.  To have statutory standing in a bankruptcy case, a party must be a "party in interest."  Walden v. Walker (In re Walker), 515 F.3d 1204, 1212 (11th Cir. 2008).  A "party

---

[1] Basson also contends that the bankruptcy court erred by not holding an evidentiary hearing on the issue of standing.  Standing is determined based on allegations, see Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla., 641 F.3d 1259, 1265 (11th Cir. 2011), and as a result, the court was not required to conduct an evidentiary hearing to determine whether Fannie Mae had standing.  The bankruptcy court conducted a hearing on Fannie Mae's motion for relief from the stay, and that was the only hearing it was required to hold.  See 11 U.S.C. § 362(d)(1) ("On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest.").

in interest" may raise and be heard on "any issue" in a bankruptcy case.  11 U.S.C. § 1109(b); see Westwood Cmty. Two Ass'n, Inc. v. Barbee (In re Westwood Cmty. Two Ass'n, Inc.), 293 F.3d 1332, 1337 (11th Cir. 2002) (holding that "'a party in interest' has a right to be heard in a Chapter 7 bankruptcy proceeding").  A "party in interest" includes a "creditor," which the bankruptcy code defines as an "entity that has a claim against the debtor."  11 U.S.C. § 101(10)(A).  A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  Id. § 101(5)(A).

In its motion for relief from the stay Fannie Mae alleged that it was the holder of a promissory note Basson executed, and that the note was secured by a deed to his Georgia property.  It alleged that Basson had defaulted on the note because he was 46 months behind on his mortgage payments, and that its interest in the property was not adequately protected.  Fannie Mae attached copies of the note, the deed, and assignments of the deed to Fannie Mae from its predecessors in interest.  Based on those allegations and the supporting documents, see Hollywood Mobile Estates, 641 F.3d at 1265, Fannie Mae had a "claim" against Basson, which makes it a "creditor," see 11 U.S.C. § 101(10)(A), (5)(A).  And as a creditor, it is a "party in interest," which means that it could raise and be heard on "any issue" — including relief from the automatic stay — in the bankruptcy court.  See id.

3

§ 1109(b); <u>Barbee</u>, 293 F.3d at 1336.  That is enough to establish standing.[2]  <u>See</u>

<u>Walker</u>, 515 F.3d at 1212.

The district court did not err in affirming the bankruptcy court's order

affirming Fannie Mae's motion for relief from the automatic stay.

**AFFIRMED.**

---

[2] Although it's not clear whether Basson asserts that Fannie May lacked Article III or statutory standing, our determination that Fannie Mae had statutory standing is enough for us to determine that it had Article III standing.  <u>See</u> <u>In re James Wilson Assocs.</u>, 965 F.2d 160, 168 (7th Cir. 1992) ("A secured creditor dragged into a bankruptcy proceeding against his will by the automatic stay provision of the Bankruptcy Code has a tangible financial interest in getting his security out from under the jurisdiction of the bankruptcy court so that he can foreclose it . . . . That is interest enough to confer standing in an Article III sense."); <u>see also</u> <u>In re Global Indus.</u> <u>Techs., Inc.</u>, 645 F.3d 201, 211 (3d Cir. 2011) (en banc) (rejecting the position that statutory standing is more exacting than Article III standing and noting that the two "are effectively coextensive").